IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

_GREAT FALLS_ DIVISION
(You must fill in this blank. See Instruction H)

OCT 15 2020
Clerk, U.S. Courts
District of [...]

VICTOR CHARLES FOURSTAR, JR.
ROBERT MITCHELL, SC.
(Write the full name of the plaintiff who is filing this complaint and prisoner number, if any.)

Plaintiff,

-against-

DAVID BERKBEBILE
PETER MOLNAR
(See attached for other Defendant(s))
(Write the full name(s) of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here and do not use et al.)

Defendants.

Case No. _____
(to be filled in by the Clerk's Office)

CIVIL RIGHTS
**COMPLAINT**

(Pro Se Prisoner)
PURSUANT TO
42 U.S.C. §1983 and/or
Bivens v. Six Unknown Agents, 403 U.S. 388 ('71)

Jury Trial Demanded: ☒ Yes ☐ No
*(check one)*

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

*Prisoner Complaint Form*  (Revised March 2016)
*Plaintiff's Last Name* _Fourstar_  Page 1 of 9

CONTINUED FROM PAGE #1 (Count 1, List of Defendant(s):)

3. Anthony Perkins
4. Peter Bludworth
5. Unknown Nurse(s)
6. Mary Smitherene
7. Trina Kloos
8. Susan Clark
9. Robert Murtz
10. Michael Eliason
11. Unknown United States Probation and Parole Officer

## INSTRUCTIONS

1. Use this form to file a civil complaint with the United States District Court for the District of Montana. Include only counts/causes of action and facts – not legal arguments or citations. You may attach additional pages where necessary. Your complaint must be typed or legibly handwritten in ink and on white paper. Write on only one side of the paper. Do not use highlighters and do not staple or otherwise bind your papers. All pleadings and other papers submitted for filing must be on 8 ½" x 11" paper (letter size). You must sign the complaint (see page 8). Your signature need not be notarized but it must be an original and not a copy. The Clerk's Office cannot provide you copies of documents in your file without prepayment of $0.10 per page (for documents electronically available) or $0.50 (for documents not electronically available). Please keep a copy of the documents you send to the Court.

2. The filing fee for a complaint is $350.00 plus a $50.00 administrative fee for a total of $400.00. This amount is set by Congress and cannot be changed by the Court. If you pay the filing fee, you will be responsible for serving the complaint on each defendant and any costs associated with such service.

3. If you are unable to prepay the entire filing fee and service costs for this action, you may file a motion to proceed in forma pauperis. If you are a prisoner and your motion to proceed in forma pauperis is granted, the Court will assess an initial partial filing fee equal to 20% of the average monthly deposits to your prison account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in your prison account for the same six month period, whichever is greater. Thereafter, the balance of the $350.00 filing fee will be collected in installments equal to 20% of your preceding month's income any time the amount in your account exceeds $10.00. The $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. You will be required to continue making these payments even if you complaint is dismissed.

4. Complaints submitted by persons proceeding in forma pauperis and complaints submitted by prisoners suing a governmental entity or employee must be reviewed by the Court before the defendants are required to answer. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c). The Court will dismiss your complaint before it is served on the defendants if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief may be granted; or (4) you sue a defendant for money damages and that defendant is immune from liability for money damages. After the Court completes the review process, you will receive an Order explaining the findings and any further action you may or must take. The review process may take a few months; each case receives the judge's individual attention.

Plaintiffs should not serve defendants, pursue discovery, or request entry of default judgment prior to the completion of this review process.

5. Prisoners who have had three or more cases dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted (strikes) will not be permitted to file any further civil actions without prepaying the filing fee unless they are in imminent danger of serious harm. See 28 U.S.C. § 1915(g).

6. Prisoners may not maintain more than two civil actions in forma pauperis at one time, unless the prisoner shows that he or she is under imminent danger of serious physical injury.

7. The case caption (page 1 of this form) must indicate the proper Division for filing. The proper Division is where the alleged wrong(s) occurred. When you have completed your complaint, mail the *original* of your complaint and either the full filing fee or your motion to proceed in forma pauperis to the proper Division:

*-H-*

Billings Division: *Big Horn, Carbon, Carter, Custer, Dawson, Fallon, Garfield, Golden Valley, McCone, Musselshell, Park, Petroleum, Powder River, Prairie, Richland, Rosebud, Stillwater, Sweetgrass, Treasure, Wheatland, Wibaux, and Yellowstone Counties*
**U.S. District Court Clerk, 601 2nd Avenue North, Suite 1200, Billings, MT 59101**

Butte Division: *Beaverhead, Deer Lodge, Gallatin, Madison, and Silver Bow Counties*
**U.S. District Court Clerk, 400 N. Main, Butte, MT 59701**

Great Falls Division: *Blaine, Cascade, Chouteau, Daniels, Fergus, Glacier, Hill, Judith Basin, Liberty, Phillips, Pondera, Roosevelt, Sheridan, Teton, Toole, and Valley Counties* **(Crossroads Correctional Center is located in Toole County and all claims arising at CCC should be filed in Great Falls)**
**U.S. District Court Clerk, 125 Central Ave. West, Great Falls, MT 59404**

Helena Division: *Broadwater, Jefferson, Lewis & Clark, Meagher, and Powell Counties* **(Montana State Prison is located in Powell County and all claims arising at MSP should be filed in Helena)**
**U.S. District Court Clerk, 901 Front St., Ste 2100, Helena, MT 59626**

Missoula Division: *Flathead, Granite, Lake, Lincoln, Mineral, Missoula, Ravalli, and Sanders Counties*
**U.S. District Court Clerk, P.O. Box 8537, Missoula, MT 59807**

*Prisoner Complaint Form* (Revised March 2016)
*Plaintiff's Last Name* Fourstar *Page 3 of 9*

I. **Parties to this Complaint**
   A. Plaintiff(s)

   Name: Victor Charles Fourstar, Jr.; And Robert Mitchell Sr.

   All other names by which you have been known:

   N/A

   ID Number: 07418-046 and 05468-046
   Current Institution: Crossroads Correctional Center
   Address: 50 Crossroads Drive
   Shelby, Montana 59474

   Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:
   - ☐ Pretrial detainee
   - ☐ Civilly committed detainee
   - ☐ Immigration detainee
   - ☐ Convicted and sentenced state prisoner
   - ☐ Convicted and sentenced federal prisoner
   - ☒ Other *(explain)* Technical Supervised Release violator

   B. Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1:

   Name: David Berkbebile
   Job or Title: Core Civic Regional Director
   Employer: Core Civic / Corrections Corporation of America / Crossroads Correctional Center
   Address: 50 Crossroads Drive
   Shelby, Montana 59474

   ☒ Individual capacity       ☒ Official capacity

Defendant No. 2:

    Name: Peter Molnar

    Job or Title: Physician Assistant

    Employer: Crossroads Correctional Center

    Address: 50 Crossroads Drive

    Shelby, Montana 59474

    ☒ Individual capacity      ☒ Official capacity

Defendant No. 3:

    Name: Anthony Perkins

    Job or Title: Medical Administrator

    Employer: Crossroads Correctional Center

    Address: 50 Crossroads Drive

    Shelby, Montana 59474

    ☒ Individual capacity      ☒ Official capacity

Defendant No. 4:

    Name: Peter Bludworth

    Job or Title: Warden

    Employer: Crossroads Correctional Center

    Address: 50 Crossroads Drive

    Shelby, Montana 59474

    ☒ Individual capacity      ☒ Official capacity

*(NOTE: If more space is needed to furnish the above information, continue on a blank sheet labeled "APPENDIX A: PARTIES").*

(CONTINUED ON PAGE ATTACHMENT!)

## II. Basis for Jurisdiction

Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).

    ☒     42 U.S.C. § 1983 (state, county, or municipal defendants)

    ☒     Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

CONTINUED FROM PAGE #5 (Count 1, PARTIES:)

Name(s): Unknown Nurse(s) (Job or Title: Nurse(s)); Mary Smitherene (Job or Title: Prison Librarian); Trina Kloos (Job or Title: Prison Case Manager); Susan Clark (Job or Title: Prison Counselor); Robert Murtz (Job or Title: Prison Chief Unit Manager)

Address of all aforementioned Parties and Employer: Crossroads Correctional Center, 50 Crossroads Drive, Shelby, Montana 59474

All Parties are sued in their: ☒ Individual and/or ☒ Official capacity

Name: Michael Eliason
Job or Title: United States Probation and Parole Officer
Employer: Office of United States Probation and Parole
Address: 605 2nd Avenue South, Suite 200
P.O. Box 327
Glasgow, MT. 59230
   ☒ Individual capacity      ☒ Official capacity

Name: Unknown U.S. Probation and Parole Officer
Job or Title: United States Probation and Parole Officer
Employer: Office of United States Probation and Parole
Address: 219 5th Street South
Great Falls, Montana 59401

   ☒ Individual capacity      ☒ Official capacity

### III. Statement of Claim(s)

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.

A. Count I:

1. What federal constitutional or statutory right(s) do you claim is/are being violated by defendants? 1st, 5th, 8th, and 14th Amendments and Art. 1, §1 of U.S. Constitution; Article II, Section 10 of the Montana Constitution; 18 U.S.C. §§ 666, 1343; Title II of ADA, 42 U.S.C. § 12131; Rehab. Act, 29 U.S.C. § 794; APA, 5 U.S.C. § 702, et seq.; Emergency Medical Treatment & Active Labor Act; "Bad Men" Clause of 1868 Ft. Laramie Treaty and 1851 Ft. Laramie Treaty; and the Medical Immunity Act; 1st Step Act.

2. What date and approximate time did the events giving rise to your claim(s) occur? • October 8 and 9, 2020 for David Berkbebile and unknown Nurse(s). • From mid-July, 2020 - Present for Peter Molnar on Hep C, T.B. and Diabetes treatment. • Mid-July, 2020 - Present for unknown Nurse(s) on COVID-19 quarantine and treatment • 9/23/20 - 10/10/20 for Kloes & Clark.

3. Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe what happened without citing legal arguments, cases, or statutes).

• With a deliberate indifference to the rights of Plaintiff(s) Victor C. Fourstar, Jr. and Robert Mitchell, Sr., defendant David Berkbebile acting as CoreCivic Regional Director and pursuant to local and U.S. Marshal Service incentive contracts, compacts & agreements did fail to provide provide proper Hep C and COVID-19 screening and treatment training to his subordinates Peter Molnar and unknown nurses at Crossroads Correctional Center in Shelby, MT., and Team Staff at CCC in Shelby, MT.
• With a deliberate indifference to the rights of Plaintiff(s) Victor C. Fourstar, Jr. and Robert Mitchell, Sr., (CONTINUED ON PAGE ATTACHMENT:)

4. Defendants Involved: (List the name of each defendant involved in this claim and specifically describe what each defendant did or did not do to allegedly cause your injury).

Acting as one continuous unit and pursuant to a on-going common scheme defendant David Berkbebile committed fraud upon the United States by providing orders and agreements to his subordinates Peter Bludworth, Anthony Perkins, Peter Molnar and unknown Nurse(s)/defendant(s) to give new COVID-19 testing procedures as follows without differentiating between "non-prisoners" (with Plaintiff(s) Fourstar and Mitchell were) and "prisoners" (which Plaintiff Mitchell became as of October 8, 2020 i.e. he was sentenced for failing to Register as a Sex offender):
(CONTINUED ON PAGE ATTACHMENT:)

(NOTE: For each additional claim, use a blank sheet labeled "APPENDIX B. STATEMENT OF CLAIMS." You must address paragraphs IV(A)(1-4) for each count., following the directions under IV.

*Prisoner Complaint Form* (Revised March 2016)
*Plaintiff's Last Name* ___Fourstar___ *Page 6 of 9*

CONTINUED FROM PAGE #6 ( Count 1, Section 3 - Supporting Facts:)

defendant Peter Molnar acting as a Physician Assistant and pursuant to local and United States Marshal Service incentive contracts, compacts & agreements did fail to provide proper Hep C and covid-19 screening and treatment and quarantine procedures to his subordinates unknown nurse(s) and Librarian Mary Smitherene at Crossroads Correctional Center in Shelby, MT., and Team Staff Trina Kloos and Susan Clark at CCC.

• With a deliberate indifference to the rights of Plaintiff(s) Victor C. Foustar, Jr. and Robert Mitchell, Sr., defendant(s) unknown nurse(s) acting as medical providers and pursuant to local and U.S. Marshal Service incentive contracts, compacts & agreements did fail to provide proper Hep C and covid-19 screening, treatment and quarantine procedures at Crossroads Correctional Center in Shelby, MT..

• With a deliberate indifference to the rights of Plaintiff(s) Victor C. Foustar, Jr. and Robert Mitchell, Sr., defendant Mary Smitherene acting as a prison librarian and pursuant to local and U.S. Marshal Service incentive contracts, compacts & agreements did fail to provide access to the legal law library and legal case law and legal photocopies during Plaintiff(s) improper Hep C and covid-19 screening, treatment and quarantine procedures at Crossroads Correctional Center in Shelby, MT..

• With a deliberate indifference to the rights of Plaintiff(s) Victor C. Foustar, Jr. and Robert Mitchell, Sr., defendant Trina Kloos*2 acting as a prison Case Manager and pursuant to local and U.S. Marshal Service incentive contracts, compacts & agreements did fail to provide Team services, access to Administrative Grievance forms, access to 2018 First Step Act*1 maximum gratuities, rent & deposit, home-confinement, pre-release, legal calls & 1-hour/day for recreation and showers during Plaintiff(s) Hep C & covid-19 quarantine at CCC.

• With a deliberate indifference to the rights of Plaintiff(s) Victor C. Foustar, Jr. and Robert Mitchell, Sr., defendant Susan Clark*1 acting as a prison Counselor and pursuant to local and U.S. Marshal Service incentive contracts, compacts & agreements did fail to provide Team Services,

(*1 With Michael Eliason-USPPO)   ¦   (*2 With Unknown U.S. Probation Officer)

CONTINUED FROM PAGE #6 (Count 1, Section 3 Supporting Facts:)

access to Administrative Grievance forms, access to 2018 First Step Act maximum gratuities, rent & deposit, home-confinement, pre-release, and failed to provide access to legal calls and 1-hour/day for recreation and showers during Plaintiff(s) Hep C & COVID-19 quarantine at Crossroads Correctional Center in Shelby, MT. (CCC)

• With a deliberate indifference to the rights of Plaintiff(s) Victor C. Foustar, Jr. and Robert Mitchell, Sr., defendant Robert Murtz acting as Chief Unit Manager and pursuant to local and U.S. Marshal Service incentive contracts, compacts & agreements did fail to properly train his subordinates Trina Koos and Susan Clark on providing Team Services, access to Administrative Grievance forms, access to 2018 First Step Act maximum gratuities*⌐, rent & deposit, home-confinement, pre-release, and access to legal calls and 1-hour/day for recreation & showers during Plaintiff(s) Hep C and COVID-19 quarantine at CCC in Shelby, MT..

• With a deliberate indifference to the rights of Plaintiff(s) Victor C. Foustar, Jr. and Robert Mitchell, Sr., defendant Peter Bludworth acting as Prison Warden and pursuant to local and U.S. Marshal Service incentive contracts, compacts & agreements did fail to properly train his subordinates Peter Molnar and unknown Nurse(s) on proper Hep C and COVID-19 screening, treatment and quarantine procedures at CCC in Shelby, MT., and did fail to properly train his subordinate Anthony Perkins on proper Hep C and COVID-19 screening, treatment and quarantine procedures at CCC in Shelby, MT..

• With a deliberate indifference to the rights of Plaintiff(s) Victor C. Foustar, Jr. and Robert Mitchell, Sr., defendant Anthony Perkins acting as Medical Administrator and pursuant to local and U.S. Marshal Service incentive contracts, compacts & agreements did fail to properly train his subordinates Peter Molnar and Unknown Nurse(s) on proper Hep C and COVID-19 screening, treatment and quarantine procedures at CCC in Shelby, MT..

---

(*1 Acting as one continuous unit with U.S. Probation Officer Michael Eliason)

ii

CONTINUED FROM PAGE #6 (Count 1, Section 4 - Defendants Involved:)

- If detainees tested positive for COVID-19 in J-Unit on October 9, 2020, then they would be subjected to 10-days quarantine in J-Unit without adequate separation/protections to non-positive detainees housed in J-Unit with them.
- If detainees tested negative for COVID-19 in J-Unit on October 9, 2020, then they would be housed with other non-positive detainees housed in J-Unit.
- If detainees refused the COVID-19 testing in J-Unit on October 9, 2020, then they would be automatically subjected to 14-days of quarantine in J-Unit without respects to the prior two(2) 14-day quarantines from on or about September 9, 2020 - September 25, 2020 (that were the result of Paul Jefferson, Victor Nava and other testing positive for COVID-19, yet then housed in J-Unit with Plaintiff(s) Fourstar and Mitchell who tested negative during that same time period).
- If detainees previously tested positive for COVID-19 as Plaintiff(s) Fourstar and Mitchell did on or about September 28, 2020 as a result of being housed in J-Unit with COVID-19 positive detainees Paul Jefferson, Victor Nava and other, then they would not be given a new COVID-19 test on October 9, 2020. The justification given for not providing Plaintiff(s) Fourstar and Mitchell new COVID-19 tests on October 9, 2020 and COVID-19 medication/treatment Dexamethasone was that prior positive COVID-19 test results will show for up to 5-months (during which time Eliason will compound harms).
- If detainee previously tested positive for COVID-19 and/or were on quarantine for COVID-19, then Plaintiff Fourstar would not be provided with his scheduled Hep C liver scan appointment (on 9/15/2020 Peter Melnar provided "Notification of Diagnostic Test Results" thats states: "You are being scheduled for a follow-up medical appointment. You will be notified of your appointment date and time.") purportedly because Hep C treatment is "non-emergent".

IV. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. (Do not cite legal arguments, cases, or statutes). Attach additional pages if needed.

1. Defendant(s) Berkbebile, et al.'s actions or inactions as one continuous unit caused or contributed to the violation of Plaintiff Fourstar's right to emergent care for his Hep C diagnosis and right to be free from COVID-19 exposure, right to access the courts in his supervised release proceeding and its ancillary matters appropriate to it, right to confidential attorney-client communications, right to

(CONTINUED ON PAGE ATTACHMENT:)

*(NOTE: If more space is needed to furnish the above information, continue on a blank sheet labeled "APPENDIX C: INJURY").*

V. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. The Plaintiff(s) demand a jury trial and appointment of class counsel and expert witness (with permission to exceed the limitations of the Criminal Justice Act) pursuant to Rule 23(b)(2) of the Fed. R. of Civ. Procedures (with permission for Fourstar to act as class representative as a law/paralegal student at the College of Missoula in Missoula, MT.); And Plaintiff(s) demand from defendant(s) attorney fees and costs; and demand from defendant(s) $30 million

(CONTINUED ON PAGE ATTACHMENT:)

*(NOTE: If more space is needed to furnish the above information, continue on a blank sheet labeled "APPENDIX D: REQUEST FOR RELIEF").*

VI. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes ☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). Crossroads Correctional Center, 50 Crossroads Drive, Shelby, Montana 59474

CONTINUED FROM PAGE #7 (Count 1, Section IV - Injuries:)

maximum gratuity, home-confinement, pre-release, rent and deposit and transfer to a facility within 500 driving miles of his residence,*1 right to access the administrative remedy program under the 2018 First Step Act, Fowster suffered wrongful Covid-19 exposure, progressive Hep C and COVID-19 and T.B. symptoms night sweats, nausea, shortness of breath, loss of appetite, fever, high blood pressure, sneezing, running nose, sore throat, inability to fully and fairly appeal his revocation of supervised release and prosecute his ancillary matters appropriate to those proceedings, wrongful infliction of severe emotional pain and duress, wrongful repeated recidivism and wrongful detention, disparate medical care and/or failure to treat medical Hep C, COVID-19 and T.B. conditions because of the defendant(s) conduct.

2. Defendant(s) Beckbepile, et al.'s actions or inactions as one continuous unit caused or contributed to the violation of Plaintiff Mitchell's right to emergent care for his COVID-19 exposure, right to access the Courts in his criminal federal Failing To Register As A Sex Offender proceedings, right to confidential attorney-client communications, right to maximum gratuity, home-confinement, pre-release, rent and deposit and transfer to a facility within 500-driving miles of his residence, recalculation of good time-credits under the 2018 First Step Act,*2 right to access the Administrative remedy program, Mitchell suffered wrongful COVID-19 exposure and symptoms night sweats, nausea, shortness of breath, loss of appetite, fever, sneezing, runny nose, sore throat, inability to fully and fairly mount a defense to his criminal Failing To Register As A Sex offender, wrongful infliction of of severe emotional pain and duress, wrongful repeated recidivism and wrongful imprisonment, disparate medical care and/or failure to treat covid 19 condition because of the defendant(s) conduct.

(*1 recalculation of good-time credits) (*2 As provided by Great Falls U.S.P.P.O.)

<u>CONTINUED FROM PAGE #7</u> (Count 1, Section V - Relief:)

dollars punitive damages for wrongful infliction of severe emotional pain & duress; Plaintiff(s) demand from defendant(s) $30-million dollars compensatory damages for the wrongful COVID-19 exposures (and Plaintiff Fourstar demands $10-million dollars compensatory damages from defendant(s) for wrongful deteriating Hep C conditions); And Plaintiff(s) requests for the Court to issue injunctive relief enjoining the defendant(s) from enforcing the local and U.S. Marsal Service incentive guidelines, contracts, compacts & agreements complained of; And Plaintiff(s) requests for the Court to issue declaratory relief declaring the defendant(s) actions and conduct complained of unconstitutional and in violation of 18 U.S.C. §§ 666, 1343; And Plaintiff(s) request immediate release from their wrongful detention (and imprisonment), and other relief equitable and just.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes ☐ No ☐ Do not know

C. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes ☐ No

D. If you did file a grievance answer the following questions:
1. Where did you file the grievance? Crossroads Correctional Center, 50 Crossroads Drive, Shelby, MT. 59474

2. What did you claim in your grievance? 1.) Medical staff does not have a proper Hep C, TB and Diabetes screening & Treatment procedure set in place and failed to provide treatment, acted disparately, retalitorily and misconduct ; 2.) Medical staff acted illegally under incentive-based contracts, compacts, agreements ; 3) Staff used covid-19 risks as justification not perform duties ; 4) Staff failed to provide medical records.

3. What was the result, if any?
Pending and/or failed to respond.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)* Staff failed to respond and/or is delaying responding using COVID-19 risks as justifications.

E. If you did not file a grievance, answer the following questions:
1. If there are any reasons why you did not file a grievance, state them here: 1.) Staff failed to provide grievance forms and duties due to covid-19 risks and unit quarantine.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:
I informed Core Civic Regional Director David Berkbebile of medical staff's failure to provide emergent care. He took a picture of Peter Molnar's appointment form on 10/8/20. I requested 1st Step Act gratuity funds, home confinement with Klaus & Clark on 10/7/20 & 10/10/20.

F. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I believe the Prison Litigation Reform Act exhaustion requirement is non-applicable to me as a non-prisoner as defined in 42 U.S.C § 1997e (h), and also where covid-19 risk and suicide watch cell were used as justification for not providing me with grievance forms.

*(NOTE: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

*Prisoner Complaint Form* (Revised March 2016)
*Plaintiff's Last Name   Fourstar* Page 8 of 9

### VII. Plaintiff's Declaration

A. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

B. I understand I must keep the Court informed of my current mailing address and my failure to do so may result in dismissal of this Complaint without notice to me.

C. I understand the Federal Rules of Civil Procedure prohibit litigants filing civil complaints from using certain information in documents submitted to the Court. In order to comply with these rules, I understand that:
- social security numbers, taxpayer identification numbers, and financial account numbers must include only the last four digits (e.g. xxx-xx-5271, xx-xxx5271, xxxxxxxx3567);
- birth dates must include the year of birth only (e.g. xx/xx/2001); and
- names of persons under the age of 18 must include initials only (e.g. L.K.).

If my documents (including exhibits) contain any of the above listed information, I understand it is my responsibility to black that information out before sending those documents to the Court.

I understand I am responsible for protecting the privacy of this information.

D. I understand the submission of a false statement or answer to any question in this complaint may subject me to penalties for perjury. I declare under penalty of perjury that I am the Plaintiff in this action, I have read this complaint, and the information I set forth herein is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

E. This Complaint was deposited in the prison system for legal mail, postage prepaid or paid by the prison, on

Executed at _Shelby, MT. - CCC_ on _October 10_, 20_20_.
  (Location)            (Date)

Signature of Plaintiff: _[signature] Sr Robert M. Ichell Sr  07469-046_
Signature of Plaintiff: _Victor C. Foustar, Jr._
Printed Name of Plaintiff: _Victor C. Foustar, Jr._
Prison Identification #: _07418-046_
Prison Address: _Crossroads Correctional Center, 50 Crossroads Drive_
_Shelby_                _Montana_            _59474_
City                    State               Zip Code

*Prisoner Complaint Form*              *(Revised March 2016)*
*Plaintiff's Last Name _Foustar_*                *Page 9 of 9*